UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CINCINNATI INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:08-cv-0161-TAB-RLY |
| ) | |
| MKD PROPERTIES, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

This cause is before the Court on Plaintiff Cincinnati Insurance Company's motion for default judgment against Defendant Stephen M. Hunter. [Docket No. 46.] The Clerk previously issued an entry of default against Hunter for failing to timely answer or otherwise respond. [Docket No. 37.] Defendant MKD Properties opposes Plaintiff's motion. [Docket No. 45.] For the reasons set forth below, Plaintiff's motion is denied.

This is a declaratory judgment action in which Plaintiff asks this Court to determine that it has no duty to defend or indemnify Defendants MKD or Stephen Hunter against claims made as a result of bodily injuries received by John Clayton. The order Plaintiff tendered to the Court in support of its motion invites the Court to conclude that the Cincinnati Insurance policy in question does not provide coverage "for the claims made by Clayton against MKD and Hunter in the underlying action." [Docket No. 46, Attach. 1, ¶ 1.] As MKD correctly points out, MKD is entitled in its own right to oppose Plaintiff's complaint for a declaratory judgment.

An entry of judgment against Hunter is inappropriate at this time since there are multiple Defendants and the judgment could lead to inconsistent and conflicting rulings by this Court.

Because Plaintiff seeks declaratory relief that requires the interpretation of the insurance agreement as it applies to the claims of Clayton against Hunter and MKD, the potential exists for logically inconsistent judgments.

Given this potential, the Court can ascertain no sound reason for expediting a default judgment against Hunter when MKD's duties under the policy remain unresolved. Hunter has not appeared or defended in this action, suggesting that a judgment against Hunter will not provide any meaningful relief to Plaintiff. Thus, Plaintiff will not be prejudiced by the Court holding off on this determination until the same issue is addressed relative to MKD. Plaintiff filed no reply brief in response to MKD's opposition, suggesting that Plaintiff does not seriously contest that the coverage issues at the heart of this litigation are best resolved with the benefit of the vigorous briefing that Plaintiff and MKD will undoubtedly provide on the issues.

For these reasons, Plaintiff's motion for default judgment [Docket No. 46] is denied.

Dated:   03/31/2009

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Michael E. Brown
KIGHTLINGER & GRAY
mbrown@k-glaw.com

Mark D. Gerth
KIGHTLINGER & GRAY
mgerth@k-glaw.com

David T. Kasper
FROST BROWN TODD LLC
dkasper@locke.com

Andrew B. Miller
STARR AUSTEN MYERS & MILLER, LLP
miller@starrausten.com

Jason A. Shartzer
THE LAW OFFICES OF BUDDY YOSHA
jshartzer@yoshalaw.com